UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CV-00236-FL

| | |
|---|---|
| MICHAEL T. PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| GRANITE SERVICES INTERNATIONAL, INC., ) | |
| and GENERAL ELECTRIC, ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court upon a motion to dismiss (DE-21) filed by defendant General Electric ("GE"). GE seeks dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On March 12, 2012, the Court granted Plaintiff's motion for extension of time to file a response to GE's motion to dismiss and set a deadline of March 22, 2012 for filing the response. (DE-26). Plaintiff has not responded to GE's motion, and the time for doing so has expired. Accordingly, the matter is ripe for adjudication. Pursuant to 28 § U.S.C. 636(b), the motion to dismiss has been referred to the undersigned for entry of a memorandum and recommendation. For the reasons stated herein, the undersigned recommends the Court grant GE's motion to dismiss.

I. **FACTUAL BACKGROUND**

On or about January 14, 2000, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that his employer was "General Electric dba Granite Services, Inc." (DE-5-1). Initially, GE received notice from the EEOC of Plaintiff's charge of discrimination filed against "General Electric dba Granite Services, Inc."

(DE-21-1, pp.2-3). GE responded to the notice with a letter informing the EEOC that GE does not do business as Granite Services, Inc. and that Granite Services, Inc. is a separate legal entity managed and operated independently of GE. (DE-21-1, pp.3, 5). Because GE was not Plaintiff's employer, it possessed no information necessary to respond to Plaintiff's charge. (DE-21-1, pp.3, 5). GE received no further communication from the EEOC. (*Id.* at 3). GE did not receive a copy of the EEOC's Dismissal and Notice of Rights letter issued to Plaintiff. (*Id.* at 4).

The EEOC issued a second notice of Plaintiff's charge of discrimination, but this time the EEOC sent the notice directly to Granite Services International, Inc. without sending a copy to GE. (*Id.* at 3). The EEOC then investigated Plaintiff's charge as it related to Granite Services as his employer. (*Id.* at 3). The EEOC concluded its investigation by issuing a Dismissal and Notice of Rights to Plaintiff for Granite Services International, Inc. (DE-22-1, DE-22-2). GE was not referenced or copied in the EEOC's Dismissal and Notice of Rights.

GE now seeks dismissal in accordance with Rule 12(b)(1), asserting the Court lacks subject matter jurisdiction over the alleged dispute between Plaintiff and GE. GE further argues Plaintiff fails to state a claim and requests the Court dismiss his complaint pursuant to Rule 12(b)(6).

## II. LEGAL BACKGROUND

When a defendant challenges the factual basis for subject matter jurisdiction through a Rule 12(b)(1) motion, the burden of proving subject matter jurisdiction is on the plaintiff. *See* Richmond, F. & P. R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary

judgment." *Id*. The nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists as to subject matter jurisdiction. *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Here, Plaintiff asserts GE discriminated against him on the basis of race and age in violation of Title VII of the Civil Rights Act of 1964. (DE-5, pp.2-3; DE-5-2, pp.2-3). "Before a plaintiff may file suit under Title VII . . . he is required to file a charge of discrimination with the EEOC." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). "Th[is] exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). "The EEOC charge defines the scope of the plaintiff's right to institute a civil suit." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). Although an administrative charge of discrimination does not strictly limit the Title VII suit that may follow, the scope of the civil action is confined by the scope of the administrative investigation that can reasonably be expected to follow the charge. *Id.* "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

"Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones, 551 F.3d at 300. "Thus, where '[n]either the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir.

1995) (alteration in original) (quoting United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979)).

## III. ANALYSIS

Here, Plaintiff has failed to allege sufficient facts to show he properly exhausted his administrative remedies with respect to GE. In his complaint, Plaintiff alleges only that he received his EEOC Dismissal and Notice of Rights on August 22, 2011. (DE-5, p.4; DE-5-2, p.4). The EEOC Dismissal and Notice of Rights pertained only to defendant Granite Services International, Inc., however, and did not reference GE. (DE-22-2). Plaintiff has not attached to his complaint an EEOC Dismissal and Notice of Rights with regard to GE. GE was not copied on the EEOC Dismissal and Notice of Rights issued to Plaintiff. As Plaintiff never alleges that he received, or was eligible to receive, a right-to-sue letter with respect to GE, he fails to demonstrate that he has complied with the jurisdictional prerequisites for pursuing his Title VII claim against GE. *See* Davis, 48 F.3d at 140 ("We have long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint.").

Because he has not met his burden of demonstrating exhaustion of administrative remedies, Plaintiff's claims against GE are subject to dismissal. *See* Bess v. Cnty. of Cumberland, No. 5:10-CV-453-BR, 2011 U.S. Dist. LEXIS 81032, at *15-18 (E.D.N.C. July 25, 2011) (dismissing ADA and ADEA claims where the plaintiff failed to submit an EEOC right-to-sue letter with respect to these claims and otherwise failed to allege any facts supporting a jurisdictional foundation for his ADA and ADEA claims). The undersigned therefore recommends the Court dismiss Plaintiff's claims against GE in accordance with Rule 12(b)(1) of

the Federal Rules of Civil Procedure. In light of this recommendation, the undersigned need not address GE's motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6).

## IV. CONCLUSION

In summary, Plaintiff has failed to demonstrate he exhausted his administrative remedies before filing the instant complaint against GE. The undersigned therefore RECOMMENDS that GE's motion to dismiss (DE-21) pursuant to Rule 12(b)(1) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, April 24, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE