IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CV-236-FL

| | | |
|---|---|---|
| MICHAEL T. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GRANITE SERVICES INTERNATIONAL INC. and GENERAL ELECTRIC, | ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on the motion to dismiss of defendant General Electric ("GE") (DE # 21). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein he recommends that the court grant defendant GE's motion to dismiss. Plaintiff, proceeding *pro se*, filed objection to the M&R.[1] Both defendants responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court declines to adopt the findings and recommendation of the magistrate judge, and denies defendant GE's motion to dismiss.

## BACKGROUND

Plaintiff filed charge of discrimination in January 2000 with the Equal Employment

---

[1] Plaintiff's objection is entitled "counterclaim," however, after review of the filing, it is properly construed as an objection. Defendant Granite Services responded to plaintiff's objection only to point out that the filing entitled "counterclaim" should be construed as an objection. Defendant Granite Services correctly points out that should plaintiff wish to amend his complaint, he must obtain the opposing party's consent or leave of court. See Fed. R. Civ. P. 15(a)(2).

Opportunity Commission ("EEOC"), alleging discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Plaintiff alleged that his employer was "General Electric dba Granite Services, Inc." Initially, GE received notice from the EEOC that plaintiff filed a charge of discrimination against "General Electric dba Granite Services, Inc." GE responded to the notice with a letter informing that GE does not do business as Granite Services, Inc, which is a separate legal entity managed and operated independently of GE. M&R 1-2. GE maintained that it possessed no information to respond to plaintiff's charges. GE received no further communication from the EEOC, and was not copied on the EEOC's dismissal and notice of right to sue letter issued to plaintiff. Instead, only Granite Services, Inc., was copied on the right to sue letter. Def. GE's Mot. Dismiss Ex. 2.

The EEOC issued a second notice of plaintiff's charges of discrimination, but the second notice was only sent to defendant Granite Services International, Inc. The EEOC investigated this charge, then concluded the investigation, and sent plaintiff the notice of right to sue letter, referenced above.

GE seeks dismissal of plaintiff's claims against it based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The magistrate judge recommends that GE's motion be granted. Plaintiff objects to the M&R, offering further argument that GE is doing business as Granite Services International, Inc. Plaintiff states that GE owned the training facility where plaintiff received unfair treatment based on race and age. Plaintiff argues that employees of the facility where the training occurred were employed by GE, had GE email addresses, and were involved in manipulating plaintiff's ability to practice for an examination, on which he received a

poor score. The low score was the reason given for plaintiff's termination. The rest of plaintiff's objection is a more detailed factual summary of the training exercise and issues surrounding the same.

**DISCUSSION**

A.  Standard of Review

The magistrate judge clearly set forth the appropriate standard for a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). When a defendant challenges the factual basis for subject matter jurisdiction through a rule 12(b)(1) motion, the burden of proving subject matter jurisdiction is on the plaintiff. See Richmond, F. & P. R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)(citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). In determining whether jurisdiction exists, the court is permitted to regard the allegations in the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the motion to one for summary judgment. Id. The nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists as to subject matter jurisdiction. Id. "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v.

3

Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In addition to the pleadings, the court may look only to documents attached to the complaint or documents attached to the motion to dismiss that are integral to the complaint and authentic, and may also take judicial notice of matters of public record. Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The court is also guided by case law affirming the liberal construction to be afforded filings by pro se litigants. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Defendant's motion to dismiss is before the court with benefit of the magistrate judge's analysis. Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

B. Analysis

1. Subject Matter Jurisdiction

Failure by a plaintiff to exhaust administrative remedies concerning a Title VII claim deprives a federal court of subject matter jurisdiction over the claim. Jones v. Calvert Group, Ltd.,

4

551 F.3d 297, 300 (4th Cir. 2009). The same is true of claims made under the ADEA. Id. (citing 29 U.S.C. § 626(d)). The charge must be in writing and verified under oath or affirmation under penalty of perjury. Id. A charge is sufficient "only if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" Id. (citing Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005)). The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents. Jones, 551 F.3d at 300. "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Id. (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d at 132-33)).

The magistrate judge found that plaintiff did not meet his burden of demonstrating exhaustion of administrative remedies because the EEOC dismissal and notice of right to sue pertained only to defendant Granite Services. However, as the record reveals, plaintiff's complaint states on the first page that he is bringing claims against Granite Services International, Inc. and GE. DE # 5, pg. 1. On page 5 of the complaint, plaintiff names "Ken Earp," "Cory Pelton," and "another instructor who was employed at the training facility." DE # 5 pg. 3. Page four of the complaint states that the alleged illegal activity took place at GE training facility in San Jose, California. Plaintiff's EEOC charge of discrimination, attached to his complaint, states that he had been employed with GE since January 7, 2006. DE # 5-1, pg. 1. The charge also notes that GE employs more than fifteen persons. Id.

Plaintiff attached to his complaint questions that appear to have been asked by the EEOC during its investigation. Plaintiff's answers to the questions allege that Granite Services, Inc. is "wholly owned by General Electric." DE # 5-1, pg.1. Plaintiff's answers go on to provide more

5

detail about GE employees, and also indicate that plaintiff was not employed with GE, but was a Granite employee who was discriminated against at a GE facility. Id.

Plaintiff's charge and the complaint mention GE throughout. While the EEOC did not include GE in its second notice of plaintiff's charge of discrimination, and did not include mention of GE in the right to sue letter, the legal inquiry is not whether GE was mentioned in the right to sue letter, but whether plaintiff mentioned GE in his charge and complaint, and documents related thereto. See Jones, 551 F.3d at 300. Plaintiff's objection cites facts in support of his claim against GE, specifically names and email addresses of GE employees that discriminated against him. While the EEOC appears to have accepted GE's word that it was not plaintiff's employer, the complaint alleges that GE was plaintiff's employer. Additionally, whether or not plaintiff was employed by GE is not relevant to the inquiry of subject matter jurisdiction. Instead, the instant inquiry is whether plaintiff exhausted his administrative remedies, and the court finds that he has.

The court must construe *pro se* plaintiff's pleadings liberally. Doing so, the court cannot agree that plaintiff has failed to exhaust his administrative remedies. This conclusion is supported by case law. See Worth v. Tyler, 276 F.3d 249, 258-59 (7th Cir. 2001) (it is the entitlement of a right to sue letter, rather than actual receipt of it, that is necessary to support federal jurisdiction); Pietras v. Bd. of Fire Comm'rs, 180 F.3d 468, 473-74 (2d Cir. 1999) (affirming decision to excuse absence of right to sue letter because plaintiff had attempted to obtain one, but state agency and EEOC wrongfully failed to provide one based on erroneous belief that plaintiff was not an "employee"); see also McInnis v. North Carolina Dep't of Environment and Natural Resources, 223 F.Supp.2d 758, 761 (M.D.N.C. Sept. 18, 2002) (rejecting dismissal of ADA claim when it was omitted from EEOC right to sue letter by what appeared to be clerical error). Additionally, the court

6

finds that GE suffered no prejudice by not being named in the right to sue letter, where GE was clearly on notice of the charges against it. Accordingly, the court declines to adopt the M&R with respect to the magistrate judge's analysis on defendant's motion to dismiss based on lack of subject matter jurisdiction. Finding the jurisdictional prerequisites to have been met, the court proceeds with analysis of the rest of defendant's motion.

2. Failure to State a Claim

The magistrate judge did not consider defendant's motion for failure to state a claim pursuant to rule 12(b)(6), finding that the court lacked subject matter jurisdiction to hear the case. Having declined to adopt the magistrate judge's recommendation, the court proceeds to analyze defendant's motion to dismiss for failure to state a claim. Defendant's argument is that plaintiff has failed to allege a factual basis for his claim against GE because GE was not plaintiff's employer.

Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a). It defines employers as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." Id. § 2000e(b). The ADEA defines employer to include certain persons who employ twenty or more works and "any agent of such a person." Lissau v. Southern Food Serv., Inc., 159 F.3d 177. 180 (4th Cir. 1998); 29 U.S.C. § 630(b). The Title VII definition of employer must be read in the same fashion as the ADEA definition of employer. Lissau, 159 F.3d at 180.

In order to be subject to liability under Title VII, a defendant must (1) fall within Title VII's statutory definition of "employer," and (2) have exercised substantial control over significant aspects of the compensation, terms, conditions, or privileges of plaintiff's employment. See Magnuson v.

7

Peak Tech. Servs., Inc., 808 F.Supp. 500, 507 (E.D.Va. Dec. 2, 1992). Put another way, does a defendant have a "relationship with plaintiff whereby [it] exercise[s] the requisite control over [his] employment situation so as to be deemed [his] employer under Title VII." Id.

Where GE asserts that plaintiff was not employed by GE, but Granite Services, and plaintiff contradicts himself by stating in his complaint and documents attached thereto that he both was and was not an employee of GE, and further asserts that even as an employee of Granite, which is uncontested, Granite is wholly owned by [GE]," the court cannot determine from the face of the pleadings whether or not GE was plaintiff's employer as defined by statute and the case law. The court is mindful that it is both required to construe a *pro se* litigant's pleadings liberally, and that at this stage of the litigation, the court is also required to accept well pleaded facts as true. The court cannot determine whether plaintiff's statements are not true without considering documents outside of the pleadings, which is impermissible for a rule 12(b)(6) motion. The court will not consider the affidavit submitted in support of defendant's rule 12(b)(1) motion with regard to the 12(b)(6) motion, and convert the latter into a motion for summary judgment without giving *pro se* plaintiff notice of this possibility. See, e.g., Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979). Accordingly, the court denies defendant's motion to dismiss for failure to state a claim.

3. Rule 26(f) Conference

On April 16, 2012, the court granted defendant GE's motion to continue the rule 26(f) conference and postpone entry of a scheduling order pending the court's consideration of the instant motion to dismiss. Where the motion to dismiss is denied, this case requires scheduling order to be entered. The parties are ordered to hold the rule 26(f) conference on or before **twenty-one (21) days** from entry of this order. The parties are jointly responsible for arranging the conference, which shall

8

Case 7:11-cv-00236-FL   Document 35   Filed 08/14/12   Page 8 of 9

involve counsel for each represented party and all unrepresented parties, and for attempting in good faith to agree on a proposed plan for completion of discovery, filing of motions, pretrial and trial activities, and other matters addressed in this order. The joint report and plan shall be filed with the court within **fourteen (14)** days after the conference. The court makes reference to its initial order regarding planning and scheduling, lodged at docket entry 28, with regard to what the joint report and plan must address. Thereafter, upon consideration of the joint report and plan, the court will enter case management order.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, the court declines to adopt the recommendation of the magistrate judge (DE # 31). Accordingly, defendant GE's motion to dismiss (DE # 21) is DENIED. The parties are DIRECTED to participate in rule 26(f) conference and prepare a joint report within the time frame as set forth herein.

SO ORDERED, this 14th day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge