UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CV-00236-FL

| | | |
|---|---|---|
| MICHAEL T. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GRANITE SERVICES INTERNATIONAL, INC., | ) | |
| and GENERAL ELECTRIC, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court upon Plaintiff's pro se motion to change the location of the upcoming settlement conference from the federal courthouse in Raleigh to the federal courthouse in Wilmington, North Carolina. (DE-48). Plaintiff resides in Castle Hayne and states that travel to Raleigh poses a financial hardship. Defendants oppose the motion on grounds of judicial economy. (DE-50). For good cause shown, Plaintiff's motion (DE-48) is GRANTED.

The parties are hereby notified that the undersigned will conduct the settlement conference on Tuesday, February 19, 2013, at 9:00 am, in Courtroom 3 of the United States Courthouse at 2 Princess Street, Wilmington, North Carolina.

This order also serves to inform the parties and counsel of the Court's expectations at the settlement conference.

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. Prior to the settlement conference, counsel shall discuss settlement with their respective

clients and insurance representatives, and shall exchange with opposing counsel proposals for settlement so the parameters of settlement have been explored well in advance. If as a result of such discussions, counsel for any party believes that the parties' respective settlement positions are so divergent, or for any other reason, that settlement is not reasonably possible in this matter, he or she shall seek a conference with the undersigned and opposing counsel, by telephone or otherwise, to determine whether the settlement conference should be canceled or postponed. If such a conference is sought, it shall be sought soon enough that fees and expenses otherwise to be incurred in the convening of a settlement can be avoided, normally at least two working days before the settlement conference.

Before arriving at the settlement conference the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals shall be made, documented in writing, and available for court review. If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

**Not later than 12:00 p.m. on Friday, February 15, 2013**, each party shall provide the undersigned, in confidence, a concise statement of the relative positions of the parties concerning factual issues, issues of law, damages, the settlement negotiation history of the case, and the evidence the party expects to produce at trial. The settlement statement shall not exceed five (5) pages in length and will not become part of the court record. The settlement statement shall be sent directly to the undersigned at: documents-USMJ_Webb@nced.uscourts.gov. Alternatively, the settlement statement may be mailed to the undersigned at the following address: 222 United States Courthouse, 310 New Bern Avenue, Raleigh, NC 27611-5850.

The purpose of the settlement conference is to facilitate settlement of the case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. Notwithstanding the provisions of Rule 408 of the Federal Rules of Evidence, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference, shall be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference. To that end, all matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party or to the trial judge. The undersigned, of course, will not serve as the trial judge in this case.

Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. This requires the presence of the client or, if a corporate, governmental, or other organizational entity, an authorized representative of the client. For a defendant, such representative must have final settlement authority to commit the organization to pay, in the representative's own discretion, a settlement up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower. For a plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the defendant's last offer. If board approval is required to authorize settlement, the attendance of at least one sitting member of the board authorized to settle as described above is required. Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a

fully authorized settlement representative present. Such representative must have final settlement authority to commit the company to pay, in the representative's own discretion, an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.

Counsel appearing for the settlement conference without their client representative or insurance company representatives authorized as described above will cause the settlement conference to be canceled or rescheduled. The non-complying party, attorney, or both, may be assessed the costs and expenses incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

At the settlement conference the parties, by counsel, shall give a brief (five-minute) presentation outlining the factual and legal highlights of their case. Then separate, confidential caucuses will be held with each party and the party's representative.

For further clarification and information see Local Civil Rule 101.1.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 4th day of February, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE