IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CV-236-FL

| | |
|---|---|
| MICHAEL T. PARKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GRANITE SERVICES INTERNATIONAL )<br>INC. and GENERAL ELECTRIC, INC., )<br>)<br>Defendants. )<br>) | ORDER |

This matter comes before the court on defendants' joint motion for sanctions pursuant to Rule 37(b) (DE 55). Plaintiff, proceeding *pro se*, responded in opposition,[1] and defendants replied. The issues raised are ripe for ruling. For the reasons that follow, the court grants defendants' motion and dismisses plaintiff's complaint.

## BACKGROUND

Plaintiff filed charge of discrimination in January 2000 with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. On March 16, 2012, the court entered an initial order regarding planning and scheduling, which directed the parties to conduct a Rule 26(f) conference. Defendant General Electric, Inc. ("GE") moved to postpone until after the court ruled on pending motion to

---

[1] Plaintiff's response was untimely filed. The court will nonetheless consider its substance for the purposes of ruling on defendants' motion.

dismiss. The court granted the continuance on April 16, 2012. The motion to dismiss was referred to magistrate judge for Memorandum and Recommendations, which was issued on April 24, 2012. By order on August 14, 2012, the court denied defendant GE's motion to dismiss, and directed the parties to conduct a Rule 26(f) conference. The parties conferred on September 4, 2012, and submitted a joint report and plan on September 17, 2012. Thereafter, the court issued a scheduling order. Initial disclosures as required by Rule 26(a)(1) had been given a deadline of fourteen (14) days from the date of the Rule 26(f) conference in the court's March 16, 2012, order and such deadline was not subsequently amended. Defendants timely served their initial disclosures, and plaintiff failed to do so. On October 31, 2012, and November 5, 2012, defendants served their first sets of interrogatories and first requests for production on plaintiff. Plaintiff failed to timely respond to these discovery requests.

On January 3, 2013, and January 10, 2013, defendants filed separate motions to compel plaintiff to respond to outstanding discovery requests and to serve his initial disclosures. Magistrate Judge William A. Webb entered an order on February 5, 2013, requiring plaintiff to serve his initial disclosures and respond to defendants' discovery within seven days of entry of that order. At that time plaintiff was warned that continued failure to abide by the Federal Rules of Civil Procedure and court orders would subject him to sanctions, which may include dismissal of his complaint. As of defendants' reply on April 11, 2013, plaintiff has not yet served any initial disclosures or responded to discovery as required.

## DISCUSSION

The Federal Rules of Civil Procedure allow a court to impose sanctions, up to and including dismissal, when a party fails to comply with discovery ordered by the court. Fed. R. Civ. P. 37(b).

2

Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1994) (noting that even *pro se* litigants are "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible"). Before dismissing a claim, courts should warn the plaintiff about the potential for dismissal for failure to comply with its order. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995). In determining whether to dismiss a claim for failure to comply with a discovery order, a court considers:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989). The failure to respond to interrogatories is sufficient to sanction with dismissal. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976).

For the reasons presented in defendants' memorandum in support and reply, the court finds that dismissal with prejudice is the appropriate sanction. Each element above has been satisfied as the court finds: (1) plaintiff's continued failure to comply signifies bad faith; (2) plaintiff has caused significant prejudice to defendants who have not received any discovery pertaining to foundational information underlying plaintiff's claims; (3) there is a great need for deterrence in this case where plaintiff has ignored this court's orders and the Federal Rules of Civil Procedure; and (4) less drastic sanctions would be ineffective here where plaintiff had a clear warning of the possibility of dismissal.

In response, plaintiff discloses that he had a personal issue arise in mid-January 2013, which began to require serious attention on February 23, 2013, and is ongoing. The court is sympathetic

to plaintiff's circumstances, but review of the record reveals his failures to comply arose long before January 2013. Furthermore, plaintiff was actively participating in this litigation during part of that time.[2]

## CONCLUSION

For the foregoing reasons, defendants' motion for sanctions is GRANTED (DE 55). Plaintiff's complaint is DISMISSED with prejudice, and the clerk is directed to close this case.

SO ORDERED, this 26TH day of April, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] On January 25, 2013, plaintiff moved to change the location of a settlement conference from Raleigh to Wilmington referencing his financial hardship. On February 11, 2013, parties had settlement negotiations. On February 15, 2013, parties participated in a conference call with magistrate judge.